IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| SHAWN K. BURCHFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 07-480-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| COMMISSIONER of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Martin R. Cohen
P. O. Box 1229
4040 Douglas Way
Lake Oswego, Oregon  97035

Linda S. Ziskin
3 Monroe Parkway, Suite P, PMB #323
Lake Oswego, Oregon  97035

Attorneys for Plaintiff

Karin J. Immergut
United States Attorney
District of Oregon

Page 1 - OPINION AND ORDER

Britannia I. Hobbs
Assistant United States Attorney
1000 S. W. Third Avenue, Suite 600
Portland, Oregon  97204-2902

David J. Burdett
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington  98104-7075

      Attorneys for Defendant


KING, Judge:

Plaintiff Shawn Burchfield brings this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying plaintiff's application for disability insurance benefits ("DIB").  I reverse the decision of the Commissioner and remand for further proceedings.

## DISABILITY ANALYSIS

The Social Security Act (the "Act") provides for payment of disability insurance benefits to people who have contributed to the Social Security program and who suffer from a physical or mental disability.  42 U.S.C. § 423(a)(1).  In addition, under the Act, supplemental security income benefits may be available to individuals who are age 65 or over, blind, or disabled, but who do not have insured status under the Act.  42 U.S.C. § 1382(a).

The claimant must demonstrate an inability to engage in any substantial gainful activity ("SGA") by reason of any medically determinable physical or mental impairment which can be expected to cause death or to last for a continuous period of at least twelve months.  42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).  An individual will be determined to be disabled only if his

Page 2 - OPINION AND ORDER

physical or mental impairments are of such severity that he is not only unable to do his previous

work but cannot, considering his age, education, and work experience, engage in any other kind

of substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A) and

1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for

determining if a person is eligible for either DIB or SSI due to disability.  The claimant has the

burden of proof on the first four steps.  Bustamante v. Massanari, 262 F.3d 949, 953 (9th Cir.

2001); 20 C.F.R. §§ 404.1520 and 416.920.  First, the Commissioner determines whether the

claimant is engaged in "substantial gainful activity."  If the claimant is engaged in such activity,

disability benefits are denied.  Otherwise, the Commissioner proceeds to step two and determines

whether the claimant has a medically severe impairment or combination of impairments.  A

severe impairment is one "which significantly limits [the claimant's] physical or mental ability to

do basic work activities."  20 C.F.R. §§ 404.1520(c) and 416.920(c).  If the claimant does not

have a severe impairment or combination of impairments, disability benefits are denied.

If the impairment is severe, the Commissioner proceeds to the third step to determine

whether the impairment is equivalent to one of a number of listed impairments that the

Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R.

§§ 404.1520(d) and 416.920(d).  If the impairment meets or equals one of the listed impairments,

the claimant is conclusively presumed to be disabled.  If the impairment is not one that is

presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the

impairment prevents the claimant from performing work which the claimant performed in the

past.  If the claimant is able to perform work which he or she performed in the past, a finding of

"not disabled" is made and disability benefits are denied.  20 C.F.R. §§ 404.1520(e) and 416.920(e).

If the claimant is unable to perform work performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.  The burden shifts to the Commissioner to show what gainful work activities are within the claimant's capabilities.  Bustamante, 262 F.3d at 954.  The claimant is entitled to disability benefits only if he is not able to perform other work.  20 C.F.R. §§ 404.1520(f) and 416.920(f).

## STANDARD OF REVIEW

The court must affirm a denial of benefits if the denial is supported by substantial evidence and is based on correct legal standards.  Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).  Substantial evidence is more than a "mere scintilla" of the evidence but less than a preponderance.  Id.  "[T]he commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision."  Batson v. Barnhart, 359 F.3d 1190, 1193 (9th Cir. 2003) (internal citations omitted).

## THE ALJ'S DECISION

The ALJ found that Burchfield had severe impairments of Hepatitis-C and bursitis of the left hip with alleged radiculopathy into the left leg and a non-severe impairment of fibromyalgia. However, the ALJ also found that these impairments, either singly or in combination, were not severe enough to meet or medically equal the requirements of any of the impairments listed in Appendix 1, Subpart P of the Social Security Regulations.  After comparing the medical record

and Burchfield's daily activities, the ALJ found that Burchfield's testimony of fatigue is not entirely credible. The ALJ found that Burchfield had the residual functional capacity ("RFC") for modified light exertion with numerous postural non-exertional limitations, including the need for a sit or stand option. Based on vocational expert testimony, the ALJ found that Burchfield could work as a companion and file clerk and was consequently not disabled under the Act.

## FACTS

On July 25, 2000, Burchfield was found to be disabled under the Supplemental Security Income ("SSI") program but her household income was too high to receive the SSI payments, which are based on need. Burchfield returned to work and has earned enough coverage to now apply for DIB, even though she did not earn enough for the work to be considered SGA under the regulations.

Burchfield, who was 50 years old at the time the ALJ issued the decision now being appealed, has a high school education plus a few college courses. She has worked as a childcare provider and church secretary. Burchfield claims that she became disabled on October 1, 2003 due to fatigue. She also claims limitations due to bursitis of the left hip, fibromyalgia, and depression. In 2003, Burchfield lived with her husband and four of her children but was divorced in 2006 and lived only with her three teenagers.

Burchfield states that her fatigue and low stamina prevent her from maintaining a steady pace and require her to limit her daily chores, divide chores into pieces, and limit trips to run errands or shop. She reduced her social activities and no longer takes part in recreational activities, particularly long-distance walks. Burchfield feels exhausted constantly. She has

abdominal pain at times when her liver is inflamed.  In 1999, Burchfield could perform activities

for four to five hours before needing to rest.

     At the time of the hearing in August 2006, Burchfield was working as a church secretary

for 17.5 hours a week.  She claims that she cannot work full time because she does not have the

energy.  Since October 2003, Burchfield only does limited household chores in an effort to save

her energy.

**DISCUSSION**

I.    <u>Compliance with Treatment</u>

     Burchfield contends that the ALJ improperly based the denial of benefits on her alleged

noncompliance with the proposed interferon treatment.  She notes that the ALJ raised the issue at

the beginning of the hearing and mentioned it three times in the opinion.  Burchfield argues that

there is no evidence that the treatment, a brand new form of therapy, would have improved her

condition to where she could sustain full-time work.  She also contends that her doctor urged her

to participate in the new therapy but did not actually prescribe it due to the low chance of

success.

     Burchfield chose not to try the interferon because it has only a 27 to 30 percent chance of

success with her particular form of Hepatitis-C, it can cause very debilitating side effects, and it

can hasten the progress of the disease if unsuccessful.

     The ALJ noted Burchfield's decision not to try the interferon therapy in a few places in

the opinion.  The ALJ also noted that all medical opinions in the file agree that the treatment has

a low probability of success, with only a 30 percent chance of a positive response.

Although the ALJ did mention Burchfield's decision to forego treatment, when I read the opinion as a whole I cannot say that the ALJ based the finding of no disability either in whole or in part on noncompliance with the proposed treatment. The ALJ committed no error here.

II.    Credibility of Subjective Symptom Testimony

Burchfield briefly argues that the ALJ improperly discounted her credibility because she did not participate in the new therapy.

When deciding whether to accept the subjective symptom testimony of a claimant, the ALJ must perform a two-stage analysis. In the first stage, the claimant must (1) produce objective medical evidence of one or more impairments; and (2) show that the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir. 1996). The claimant is not required to produce objective medical evidence of the symptom itself, the severity of the symptom, or the causal relationship between the medically determinable impairment and the symptom. The claimant is also not required to show that the impairment could reasonably be expected to cause the severity of the symptom, but only to show that it could reasonably have caused some degree of the symptom. Id. at 1282. In the second stage of the analysis, the ALJ must assess the credibility of the claimant's testimony regarding the severity of the symptoms. If there is no affirmative evidence of malingering, the ALJ may reject the claimant's testimony only if the ALJ makes specific findings stating clear and convincing reasons for the rejection, including which testimony is not credible and what facts in the record lead to that conclusion. Id. at 1284.

Although the ALJ cannot reject subjective pain testimony solely because it was not fully corroborated by objective medical evidence, medical evidence is still a relevant factor in

determining the severity of the pain and its disabling effects.  <u>Rollins v. Massanari</u>, 261 F.3d 853, 857 (9th Cir. 2001).

I also do not interpret the ALJ's comments about Burchfield's decision on the interferon treatment to be one of the reasons the ALJ found her not entirely credible.  The reasons given by the ALJ were that her symptoms were not consistent with the medical record, that she claims to have a congenital hip deformity when the x-ray findings show a normal hip socket, that Burchfield takes no pain medication, that she works part time, does some of the house and yard work, goes shipping, drives every day, and has traveled to Seattle and the coast.  The ALJ found these activities inconsistent with the fatigue and hip pain with which Burchfield claims to suffer.

The ALJ's findings are all supported by the record and are clear and convincing reasons for the rejection of her credibility.  The ALJ committed no error.

III.    <u>Consistency with Prior Decision</u>

Burchfield contends that this ALJ's decision differs markedly from the 2000 ALJ decision finding her disabled, even though both decisions are based largely on the same evidence.  Burchfield acknowledges that she does not enjoy a presumption of continuing disability, as in a cessation case, but argues that some measure of res judicata should attach from the 2000 favorable decision.  The Commissioner argues that res judicata does not attach.

SSI payments can be suspended due to excess income but will be resumed if the income drops below the threshold.  20 C.F.R. § 416.1323.  If the suspension continues for 12 consecutive months, eligibility for benefits is terminated.  <u>Id.</u> at § 416.1335.  Although the record does not appear to contain exact information giving the date Burchfield's SSI payments were suspended, it appears from the ALJ's recitation of the history of Burchfield's application that approximately

three years lapsed before she reapplied.  These regulations, and their interpretation in <u>Warren v.</u>

<u>Bowen</u>, 804 F.2d 1120, 1121 (9th Cir. 1986), <u>amended on other grounds on denial of reh'g</u>, 817

F.2d 63 (1987), do not support Burchfield's argument.

I also reviewed the case on which Burchfield primarily relies, <u>Chavez v. Bowen</u>, 844 F.2d

691 (9th Cir. 1988), which discusses res judicata (more currently known as issue preclusion)

concerning various findings by the prior ALJ who concluded that the claimant could not perform

his past work.  <u>Chavez</u> also discusses the effect of changed circumstances on the application of

res judicata.

The major changed circumstance here is the fact that Burchfield returned to work after the

suspension of her SSI benefits so that she would qualify for DIB benefits.  The fact that she

worked steadily between 12 and 17.5 hours per week as a church secretary, after the opinion by

the first ALJ, persuades me that the second ALJ had to take a fresh look at the evidence and not

blindly apply the findings made by the first ALJ.  I see no error in not giving some res judicata

effect to the first ALJ's opinion.

IV.    <u>Physician's Opinion</u>

Burchfield disputes her ability to perform the job of file clerk because it is at the light

exertional level and Dr. Kehrli, the DDS reviewing physician, found that she was limited to

sedentary work.  The Commissioner contends that if the ALJ erred by not applying Dr. Kehrli's

opinion that Burchfield was limited to sedentary work, the error was harmless because the

companion job can be conducted within the actual limitations assigned by Dr. Kehrli.

The ALJ did not explain why he gave no weight to Dr. Kehrli's opinion limiting

Burchfield to sedentary work.  If a treating or examining physician's opinion is not contradicted

by another physician, the ALJ may only reject it for clear and convincing reasons. Even if it is

contradicted by another physician, the ALJ may not reject the opinion without providing specific

and legitimate reasons supported by substantial evidence in the record. Lester v. Chater, 81 F.3d

821, 830 (9th Cir. 1996). The ALJ committed error by failing to address Dr. Kehrli's opinion in

any way. I will not address the Commissioner's harmless error argument because of other

problems with the vocational testimony, addressed next.

V.    Vocational Testimony

The vocational expert ("VE") testified that Burchfield had transferable skills from her

work as a church secretary, with the skills described as general office work, general clerical

work, computer, telephone, photocopies, receptionist-type work, and general clerical file clerk.

Burchfield contends that the ALJ erred by finding that she can perform the semi-skilled

job of companion which requires skills that the VE did not testify Burchfield possessed. The

ALJ did not explain how Burchfield would have the skills required to perform the companion

job.

Burchfield also argues that she cannot have transferable skills from her church secretary

job because she is not doing the job at the SGA level. Work experience is considered relevant if

it was done within the last 15 years, lasted long enough for the claimant to learn to do it, and was

substantial gainful activity. Vertigan v. Halter, 260 F.3d 1044, 1051 (9th Cir. 2001). The ALJ

concluded that Burchfield performed the church secretary job at a level just below the SGA level.

Thus, it does not appear that Burchfield could have transferable skills based on the position.

These problems together have the ALJ concluding Burchfield can perform two

semi-skilled jobs when there is no evidence she has transferable skills.

Page 10 - OPINION AND ORDER

VI.    Remedy

The court has the discretion to remand the case for additional evidence and findings or to award benefits.  Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996).  The court should credit evidence and immediately award benefits if the ALJ failed to provide legally sufficient reasons for rejecting the evidence, there are no issues to be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled if the evidence is credited.  Id.  If this test is satisfied, remand for payment of benefits is warranted regardless of whether the ALJ might have articulated a justification for rejecting the evidence.  Harman v. Apfel, 211 F.3d 1172, 1178-79 (9th Cir.), cert. denied, 531 U.S. 1038 (2000).

The "crediting as true" doctrine resulting in an award of benefits is not mandatory in the Ninth Circuit, however.  Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003).  The court has the flexibility to remand to allow the ALJ to make further determinations, including reconsidering the credibility of the claimant.  Id.  On the other hand, "in the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy, even though the vocational expert did not address the precise work limitations established by the improperly discredited testimony, remand for an immediate award of benefits is appropriate."  Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).

Because of the failure to address Dr. Kehrli's opinion and the problems with the vocational testimony, I am unable to determine if Burchfield must be found disabled, even if Dr. Kehrli's opinion is fully credited.  Thus, I will remand the case.  I acknowledge that Burchfield's earnings history does not appear to match her work history very well.  I suggest that

the ALJ make specific findings of which of her prior jobs qualify as SGA, and are thus considered past relevant work, and what transferable skills come from each job which is past relevant work.

## CONCLUSION

The decision of the Commissioner is reversed.  This action is remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for rehearing to further develop the record as explained above.  Judgment will be entered.

IT IS SO ORDERED.

Dated this _____30th_____ day of July, 2008.


      /s/ Garr M. King_____
     Garr M. King
     United States District Judge